UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                 :
THOMAS L. BULLOCK,               :
                                 :
          Plaintiff,             :     Civ. No. 17-1376 (NLH)
                                 :
     v.                          :     OPINION
                                 :
WARDEN GERALDINE D. COHEN,       :
et al.,                          :
                                 :
          Defendants.            :
_____:

APPEARANCES:
THOMAS L. BULLOCK
235680CL
A.C.J.F.
5060 ATLANTIC AVE.
MAYS LANDING, NJ 08330
     Plaintiff Pro se


HILLMAN, District Judge

     Plaintiff Thomas L. Bullock, a pretrial detainee confined

in the Atlantic County Justice Facility in Mays Landing, New

Jersey at the time of filing, seeks to bring this civil action

in forma pauperis, without prepayment of fees or security,

asserting claims pursuant to 42 U.S.C. § 1983.

     Pursuant to Local Civil Rule 54.3, the Clerk shall not be

required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances,

however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil

complaint is $400. That fee includes a filing fee of $350 plus

an administrative fee of $50, for a total of $400.  A prisoner

who is granted in forma pauperis status will, instead, be

assessed a filing fee of $350 and will not be responsible for

the $50 administrative fee.  A prisoner who is denied in forma

pauperis status must pay the full $400, including the $350

filing fee and the $50 administrative fee, before the complaint

will be filed.

Title 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil

action in forma pauperis.  Under § 1915, a prisoner seeking to

bring a civil action in forma pauperis must submit an affidavit,

including a statement of all assets and liabilities, which

states that the prisoner is unable to pay the fee. 28 U.S.C. §

1915(a)(1).  The prisoner also must submit a certified copy of

his inmate trust fund account statement(s) for the six-month

period immediately preceding the filing of his complaint. 28

U.S.C. § 1915(a)(2).  The prisoner must obtain this certified

statement from the appropriate official of each correctional

facility at which he was or is confined during such six-month

period. Id.

2

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, though Plaintiff submitted a six month account statement, that statement was not certified by an appropriate prison official.  28 U.S.C. § 1915(a)(2).

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 45 days.  An appropriate Order follows.


Dated: March 1, 2017                     s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

4