UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THOMAS L. BULLOCK,                  :
                                    :
        Plaintiff,                  :   Civ. No. 17-1376(NLH)(JS)
                                    :
    v.                              :   OPINION
                                    :
WARDEN GERALDINE D. COHEN, et al.,  :
                                    :
        Defendants.                 :
_____ :

APPEARANCE:
Thomas L. Bullock
524 E. Pine Street
Millville, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Thomas L. Bullock ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 4), the Court previously granted Plaintiff leave to proceed in forma pauperis and ordered the Clerk of the Court to file the Complaint. (ECF No. 5.)

    At this time, the Court must review Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

that Plaintiff's Complaint will be dismissed with prejudice as against Defendant State of New Jersey and will be dismissed without prejudice as against all other defendants.

I. BACKGROUND[1]

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the following defendants: (1) Geraldine D. Cohen, Warden of Atlantic County Justice Facility ("ACJF"); (2) Atlantic County Freeholder Frank Formica; (3) Atlantic County Executive Dennis Levinson; and (4) the State of New Jersey.[2]

Plaintiff asserts that ACJF's lack of a law library has hindered his ability "to adequately contest [his] court proceedings" in a pending criminal matter in which Plaintiff is represented by counsel,[3] and that this has resulted in "the deprivation of [Plaintiff's] constitutional right to access

---

[1] The factual allegations detailed herein are taken from Plaintiff's Complaint, and are accepted as true for purposes of this screening only. The Court makes no findings as to the veracity of Plaintiff's allegations.

[2] While the caption of Plaintiff's Complaint formally lists this defendant as the "State of New Jersey Risk Management – Trenton N.J.", the substantive information set forth throughout Plaintiff's pleading makes clear that this defendant is simply the State of New Jersey. (See Compl. at Attached Sheet, p. 2.)

[3] The Court notes, however, that Plaintiff is proceeding pro se in this civil lawsuit, and is also unrepresented in the two other civil lawsuits which he filed in this District at docket numbers 1:16-cv-8067 (NLH) and 1:17-cv-271 (NLH).

[the] court[s]."  (See Compl. at ¶ 5; see also id. at ¶ 3 (detailing the procedure at ACJF for inmates to request and obtain case law and other legal information and discussing, in general terms, the adverse effects of this system on ACJF inmates who wish to prepare for pending criminal matters).)

Plaintiff further alleges the he has been detained at ACJF since June 4, 2016.[4]  (Id. at ¶ 4.)  On October 26, 2016, Plaintiff received a flash drive from his attorney, Kevin S. Smith, containing pertinent "discovery" related to his pending criminal matter.  (Id.)  On November 2, 2016 – before Plaintiff had the opportunity to use a computer to review those discovery files – an ACJF official, Sgt. Montanya, confiscated Plaintiff's flash drive.  (Id.)  Plaintiff sought to have the flash drive returned to him through ACJF's formal grievance procedure and by sending letters to, inter alia, Warden Cohen.  (Id.)

Ultimately, the flash drive was returned to Plaintiff after Plaintiff met with another ACJF official, Sgt. Robinson, on December 12, 2016.  (Id.)  When Plaintiff thereafter obtained access to a computer to review the discovery materials

---

[4]   On June 23, 2017, the Court received a letter from Plaintiff requesting that all correspondence from the Court in this matter be sent to the Millville, New Jersey address listed above.  (See ECF No. 6.)  It therefore appears that Plaintiff may no longer be detained at ACJF.

3

purportedly uploaded to the flash drive, there were no data or files available on that drive for Plaintiff to review. (Id.)

Plaintiff made a direct complaint about this problem to a different ACJF official, Officer Wallace. (Id.) Plaintiff also made his attorney and Warden Cohen aware of this issue. (Id.) Plaintiff never received a response from Warden Cohen and now asserts that "it is obvious" that Warden Cohen's failure to respond "is a form of retaliation because she [is] named" as a defendant in several lawsuits filed by Plaintiff. (Id.) Plaintiff further claims that Warden Cohen has "intentionally ignor[ed] the fact that [ACJF] does not provide prisoners with a law library where [they] can conduct [their] own independent research." (Id. at ¶ 3.)

Plaintiff makes no specific factual allegations against any of the other defendants named in this lawsuit, i.e., Atlantic County Executive Dennis Levinson, Atlantic County Chairman Frank Formica, and the State of New Jersey. Plaintiff nonetheless asserts – in wholly conclusory fashion – that each of these defendants has intentionally ignored ACJF's lack of "a law library where independent research can be conducted." (Id. at Attached Sheet.)

Plaintiff seeks $2,000,000.00 "for the deprivation of [his] constitutional right to access to court." (Id. at ¶ 5.)

II. DISCUSSION

A. Legal Standard

1. Standards for a Sua Sponte Dismissal

District courts must review complaints in those civil actions in which a person is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). This statute directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim,[5] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210

---

[5] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

5

(3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678); see also Iqbal, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B. Analysis

1. The State of New Jersey

As an initial matter, the State of New Jersey must be dismissed from this action pursuant to the Eleventh Amendment. See U.S. CONST. amend. XI ("[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.").

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). See also Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984) (the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of

relief sought).

Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). And Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In light of the foregoing considerations, this Court will dismiss the State of New Jersey as a defendant in this matter. This dismissal is with prejudice.

2. Access to Courts

As noted above, Plaintiff asserts that ACJF's lack of a law library has resulted in "the deprivation of [Plaintiff's] constitutional right to access [the] court[s]." (See Compl. at ¶ 5.)

Prisoners have a right of access to the courts under the First and Fourteenth Amendments. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right requires that "adequate, effective, and meaningful" access be provided for inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Id. at 822. "[T]he touchstone . . . is meaningful access to the courts." Id. at 823; see also Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988). In other words, prison officials must "give prisoners a reasonably adequate opportunity to

present claimed violations of fundamental constitutional rights to the Courts." Bounds at 825.

In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. This constitutional right of access to the courts is not, however, unlimited:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996)(emphasis omitted).

Pretrial detainees, e.g., persons who have pending criminal charges but have not yet been convicted, enjoy a similar right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Hargis v. Atl. Cty. Justice Facility, No. 1:10-cv-1006 (JBS), 2010 WL 1999303, at *6 (D.N.J. May 18, 2010).

Regardless of whether Plaintiff is a convicted prisoner or

9

a pretrial detainee, in order for Plaintiff's Section 1983 right of access to courts claim to survive <u>sua</u> <u>sponte</u> dismissal, he must allege sufficient facts which, <u>inter</u> <u>alia</u>, "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" and that he suffered an "actual injury" as a result. <u>Casey</u>, 518 U.S. at 351-52.

One example of an "actual injury" would be dismissal of a complaint "for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, [an inmate] could not have known" about; another is a situation in which an inmate "was so stymied by inadequacies of the law library that he was unable even to file a complaint." <u>Id.</u> at 351. Indeed, as explained by the Third Circuit:

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'

<u>Monroe v. Beard</u>, 536 F.3d 198, 205-06 (3d Cir. 2008) (internal citations omitted).

Here, Plaintiff asserts that he has been hindered in his

10

efforts "to adequately contest [his] court proceedings by not having a law library." (See Compl. ¶ 5.) Plaintiff also specifically alleges that he has been unable to review pertinent "discovery" on the flash drive which his attorney gave him. (Id. at ¶ 4). For the reasons detailed infra, these factual allegations are insufficient for Plaintiff's Section 1983 denial of access to courts claim to survive sua sponte dismissal under the foregoing standard.

As an initial matter, there is no constitutional requirement that ACJF have a law library at all. Plaintiff's assertion that he has a constitutional right to "a law library where independent research can be conducted" is simply incorrect as a matter of law. See Bounds, 430 U.S. at 828 ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") (emphasis added). Again, "the touchstone [of this right] is meaningful access to the courts." Bounds at 823.

Moreover, the factual allegations in Plaintiff's Complaint indicate that he is represented by an attorney in his pending criminal matter. (See Compl. at ¶ 4). Plaintiff, therefore, has not been denied access to the courts in a manner which can

give rise to a cognizable Section 1983 claim with respect to his criminal case. See Diaz v. Holder, 532 F. App'x. 61, 63 (3d Cir. 2013) (citing Degrate v. Godwin, 84 F.3d 768, 768–69 (5th Cir. 1996) (holding that prisoner did not have right to access law library because he had court-appointed counsel)); see also Roary v. Atl. Cty Justice Facility, No. 1:17-cv-2674 (RMB), 2017 WL 6316628, at *2 (D.N.J. Dec. 11, 2017) ("if Plaintiff was appointed an attorney for his defense, then he was not denied access to the courts.").

Furthermore, Plaintiff has not pled sufficient facts which demonstrate that he suffered an "actual injury" as a result of the alleged shortcomings of ACJF's legal assistance program and lack of a law library, e.g., that he lost a chance to pursue a nonfrivolous underlying claim, and that there is no remedy outside of his current lawsuit to address this deficiency. Plaintiff has not, for example, specifically described any of the "discovery" files which his attorney purportedly placed on the flash drive, much less pled any facts showing how his inability to view those files has precluded him from pursuing a nonfrivolous defense in his pending criminal mater. See, e.g., Roary, 2017 WL 6316628 at *2 (citing Casey, 518 U.S. at 534).

Finally, to the extent Plaintiff's unspecified "court proceedings" also encompass the pending civil matters in this District in which Plaintiff is proceeding pro se, Plaintiff's

current pleading similarly fails to state a cognizable denial of access to courts claim. Plaintiff's Complaint in no way suggests that he was unable to file this or any other pleading. Indeed, the public records of this Court show that Plaintiff has in fact commenced three separate Section 1983 actions in the District of New Jersey. <u>See</u> <u>Casey</u>, 518 U.S. at 354 (the right of access to courts is not a guarantee that a State enable a prisoner to litigate effectively once in court).

3. Retaliation

Plaintiff's Complaint appears to relatedly allege that Warden Cohen has purposely ignored Plaintiff's grievance regarding his inability to review the files on his flash drive in retaliation for being named as a defendant in Plaintiff's lawsuits. (<u>See</u>, <u>generally</u>, Compl. at ¶ 4.)

"[R]etaliation for the exercise of constitutionally protected rights . . . 'is itself a violation of rights secured by the Constitution actionable under section 1983.'" <u>Miller v. Mitchell</u>, 598 F.3d 139, 147 (3d Cir. 2010) (quoting <u>White v. Napoleon</u>, 897 F.2d 103, 111-12 (3d Cir. 1990)). And "the filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity." <u>Mearin v. Vidonish</u>, 450 F. App'x 100, 102 (3d Cir. 2011) (per curiam).

In order for Plaintiff's retaliation claim to survive <u>sua sponte</u> dismissal, Plaintiff must allege sufficient facts

demonstrating that "he suffered, at the hands of a state actor, [an] adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights" and that his filing of grievances and lawsuits was "a substantial or motivating factor in the state actor's decision to take adverse action." Fantone v. Latini, 780 F.3d 184, 191 (3d Cir. 2015), as amended (Mar. 24, 2015).

The facts alleged in Plaintiff's Complaint fail to satisfy these pleading requirements. As an initial matter, it is entirely uncertain if Warden Cohen is even aware that Plaintiff has initiated lawsuits against her. It is clear that none of Plaintiff's civil rights lawsuits in this District have yet proceeded beyond sua sponte screening, and therefore, Warden Cohen has never been formally served with copies of Plaintiff's pleadings in which she is named as defendant.

Moreover, Plaintiff has not alleged that he spoke with or otherwise directly interacted with Warden Cohen about his inability to access files on his flash drive. Plaintiff similarly fails to suggest that Warden Cohen is directly involved in reviewing, receiving, or resolving ACJF inmate grievances regarding confiscated legal materials. The facts alleged in Plaintiff's Complaint do, however, make clear that Warden Cohen was not directly involved in the initial confiscation and subsequent return of Plaintiff's flash drive;

14

those actions were instead taken by a number of other ACJF officials. (Compl. at ¶ 4.)

Plaintiff nonetheless claims that "it is obvious" that Warden Cohen's failure to respond to his grievance about missing files on his flash drive "is a form of retaliation because she [is] named" as a defendant in several of Plaintiff's lawsuits. (Id.) Plaintiff, however, has not plead any facts that would allow this Court to reasonably infer that Warden Cohen's failure to directly respond was in any way related to – much less motivated by – Plaintiff's initiation of federal civil rights suits against her. As such, Plaintiff's bald assertion that the retaliatory motivation behind Warden Cohen's non-response "is obvious" represents wholly speculative – and non-actionable – conjecture. See Bragg v. Ellis, No. 3:15-cv-7638 (AET), 2015 WL 8491471, at *4 (D.N.J. Dec. 9, 2015) (dismissing § 1983 retaliation claim against prison warden in light of inmate's speculative, factually-unsupported claim that he "believe[d that prison warden] ordered him to be placed in disciplinary detention" in retaliation for filing lawsuits against prison employees).

Finally, even if Plaintiff did plead facts upon which this Court could reasonably infer that Warden Cohen's non-response to his grievance was retaliatory in nature – and he has not – dismissal of Plaintiff's retaliation claim would still be

appropriate as there is nothing in Plaintiff's Complaint which even remotely suggests that Plaintiff suffered an "adverse action sufficient to deter a person of ordinary firmness" from filing lawsuits against ACJF officials in the future.

In sum, Plaintiff's Complaint, as pled, fails to allege sufficient facts suggesting that his rights to have access to the courts and to file lawsuits against ACJF officials while confined at ACJF have been hindered in a constitutionally deficient manner.[6] As such, Plaintiff has failed to state a cognizable claim for federal relief[7] and his Complaint will be dismissed.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed with prejudice as to Defendant State of New Jersey and will be dismissed without prejudice as to all other defendants,

---

[6] Even if Plaintiff's Complaint alleged sufficient facts to support facially plausible constitutional violations of these rights – and he has not – the Court would still dismiss Plaintiff's Complaint against Defendants Formica and Levinson – as well as Defendant Cohen – because there are no factual allegations which plausibly suggest that any of those defendants had any personal involvement in the decisions and actions Plaintiff complains of. See Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.").

[7] As pled, Plaintiff's Complaint does not allege any additional causes of action arising under state law.

i.e., Warden Geraldine D. Cohen, Atlantic County Chairman Frank Formica, and Atlantic County Executive Dennis Levinson.

Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given the opportunity to file a proposed amended complaint should he elect to do so that shall also be subject to screening.[8] An appropriate Order follows.


Dated: March 12, 2018             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[8] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.